UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **NO. 93-5** |
| **HEATH SINGLETON** | **SECTION: "E"** |

**ORDER AND REASONS**

Before the Court is a motion for compassionate release filed by *pro se* movant Heath Singleton.[1] The Government filed an opposition[2] and supplemental memoranda in opposition.[3] Singleton filed a reply.[4]

**BACKGROUND**

On April 14, 1994, Heath Singleton pleaded guilty to three counts of a superseding indictment[5] charging him with conspiracy to commit armed robbery of an automobile,[6] armed robbery of an automobile,[7] and use of a firearm during a crime of violence.[8] On June 22, 1994, Singleton was sentenced to life in prison with 60 months in prison to run consecutive to the life sentence.[9] Singleton is incarcerated at the United States Penitentiary, Florence High in Florence, Colorado ("USP Florence High").[10] He is currently 50 years old and has served over 31 years in prison.[11]

---

[1] R. Doc. 197.
[2] R. Doc. 202.
[3] R. Doc. 203; R. Doc. 208.
[4] R. Doc. 207.
[5] *See* Presentence Investigation Report [hereinafter PSR] at p. 1.
[6] *See* 18 U.S.C. § 371.
[7] *See* 18 U.S.C. § 2119.
[8] *See* 18 U.S.C. § 924(c).
[9] *See* R. Doc. 202 at p. 2.
[10] R. Doc. 197 at p. 11.
[11] PSR at pp. 2-3.

On February 2, 2024, Singleton filed a motion for compassionate release and request for appointment of counsel in this Court, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[12] In his motion, Singleton identifies several reasons to support his request for a sentence reduction, including: his age at the time of the offense,[13] that his attorney was ineffective,[14] and that he received "a substantively unfair or unreasonable sentence."[15] On March 12, 2024, Singleton submitted a request to the Warden at USP Florence High asking him to petition the Court on Singleton's behalf for a reduction in sentence and compassionate release for the same reasons cited in the instant motion.[16] On May 1, 2024, the Warden denied Singleton's request.[17]

## LAW AND ANALYSIS

18 U.S.C. § 3582(c) provides that courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[18] Relevant to this case, 18 U.S.C. § 3582(c)(1)(A)(i) allows courts to reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C.] § 3553(a)," upon a motion filed by a defendant or the Director of the Bureau of Prisons, if "extraordinary and compelling reasons warrant such a reduction."[19]

**I.    Singleton has exhausted administrative remedies.**

Section 3582(c)(1)(A) allows a court to consider a defendant's request for compassionate release or motion for a reduction in sentence on the basis of extraordinary

---

[12] R. Doc. 197.
[13] "At the time of the . . . offense, the defendant, Health A. Singleton, was just merely 19 years old." *Id.* at p. 3.
[14] "Mr. Singleton's attorney . . . took full advantage of [him] by not properly advising him, or defensing him or his best interest in the moment of his criminal prosecution." *Id.*
[15] *Id.* at p. 4.
[16] R. Doc. 208-1.
[17] R. Doc. 208-2.
[18] 18 U.S.C. § 3582(c).
[19] *Id.* § 3582(c)(1)(A).

and compelling reasons only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[20] "[T]he exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release."[21] "The defendant bears the burden of demonstrating that he has exhausted administrative remedies."[22]

In this case, Singleton submitted a request to the Warden at USP Florence High asking him to petition the Court on Singleton's behalf for a reduction in sentence and compassionate release on March 12, 2024.[23] In its opposition[24] and first supplemental memorandum in opposition,[25] the Government argued Singleton failed to exhaust his administrative remedies because the Bureau of Prisons had not yet rendered a decision with respect to his March 12 request. However, in its second supplemental memorandum in opposition, the Government concedes that, in light of the Warden's denial of Singleton's request on May 1, 2024, Singleton exhausted his administrative remedies and this Court may consider the instant motion.[26] Accordingly, the Court finds that Singleton adequately exhausted his administrative remedies as required by Section 3852(c)(1)(A) and will evaluate Singleton's request for compassionate release on the merits.

---

[20] *Id.*
[21] *United States v. Cantu*, CR17-1046, 2022 WL 90853, at *1 (citing *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020)).
[22] *United States v. Singleton*, CR14-168, 2022 WL 3576767, at *1 (E.D. La. Aug 19, 2022) (citing *United States v. Metz*, CR92-469, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020)).
[23] R. Doc. 208-1.
[24] R. Doc. 202 at p. 9.
[25] R. Doc. 203 at p. 2.
[26] R. Doc. 208.

## II. Singleton must present "extraordinary and compelling reasons" warranting a reduction in sentence.

According to Section 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[27] As amended in 2023, Section 1B1.13 of the United States Sentencing Guidelines Manual provides the relevant policy statement, which sets forth five specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> (b) *Extraordinary and Compelling Reasons.*—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>> (1) *Medical Circumstances of the Defendant.—*
>>
>>> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (B) The defendant is—
>>>
>>>> (i) suffering from a serious physical or medical condition,
>>>>
>>>> (ii) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>>>>
>>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>>
>>> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and

---

[27] 18 U.S.C. § 3582(c)(1)(A)(i).

4

without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii) such risk cannot be adequately mitigated in a timely manner.

(2) *Age of the Defendant*.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) *Family Circumstances of the Defendant*.—
(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in

5

paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) *Victim of Abuse.*—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) *Other Reasons.*—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) *Unusually Long Sentence.*—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[28]

---

[28] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(b) (U.S. SENTENCING COMM'N 2023) (Amendment effective Nov. 1, 2023).

6

Singleton bears the burden of establishing he is eligible for a sentence reduction under Section 3582(c)(1)(A)(i).[29] Singleton is 50 years old,[30] claims to be "in good health,"[31] and does not argue any family circumstances or allegations of abuse that might warrant a reduction of his sentence.[32] Accordingly, subsections (b)(1), (b)(2), (b)(3), and (b)(4) of Section 1B1.13 do not apply, and only subsections (b)(5) or (b)(6) may be relevant in this case.

As to subsection (b)(6), Singleton has served more than 10 years of his sentence and argues that his sentence is "substantively unfair or unreasonable."[33] Singleton contends his unusually long sentence presents compassionate release grounds pursuant to a change in law, which produces a gross disparity between the sentence he is serving and that which would likely be imposed at this time.[34] Specifically, Singleton contends an opinion of the U.S. Supreme Court, *Miller v. Alabama*,[35] establishes that the sentencing court erred in imposing a term of life imprisonment because he was "a mere 19 years old juvenile, by state statutes," at the time of the offense, "and he would not by legal statutes and standards be legally an adult until age 21."[36]

In opposition, the Government claims Singleton's argument fails because "he seeks to challenge the validity of his judgment based on a judicial decision interpreting existing

---

[29] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").
[30] *See* PSR at pp. 2-3.
[31] R. Doc. 208-1.
[32] *See* R. Doc. 197; R. Doc. 207.
[33] R. Doc. 197 at p. 4.
[34] *See* R. Doc. 197; R. Doc. 207.
[35] 567 U.S. 460 (2012).
[36] R. Doc. 197 at pp. 7-8.

7

law," rather than relying on a change in the law.[37] The Government further challenges the Sentencing Commission's authority to issue the policy statement contained in subsection (b)(6).[38] Specifically, the Government claims the Sentencing Commission exceeded its congressionally-delegated authority in promulgating subsection (b)(6) and contends the subsection "is contrary to the statute's text, structure, and purpose, and therefore is invalid." [39] Recent opinions of other courts in this district have refrained from unnecessarily "mak[ing] [] more expansive ruling[s]" when a movant's request for compassionate release fails independent of subsection (b)(6).[40] In this case, regardless of its validity, subsection (b)(6) cannot serve as a basis for compassionate release in this case because Singleton has failed to demonstrate a gross disparity between the sentence he is serving and the sentence that would be imposed at this time.[41] Accordingly, this Court will not address the Government's arguments concerning the validity of subsection (b)(6).

As to subsection (b)(5), Singleton presents an "other circumstance," which he argues warrants release—namely, that he received ineffective assistance of counsel during the sentencing phase. [42] The Government contends circuit precedent forecloses postconviction relief under Section 3582(c) for ineffective assistance of counsel.[43] Indeed, "the Fifth Circuit expressly ruled that 'a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence," reasoning that "ineffective assistance of counsel arguments 'are [instead] quintessential arguments for challenging the fact or duration of

---

[37] R. Doc. 202 at p. 10.
[38] *See* R. Doc. 202.
[39] *Id.* at p. 7.
[40] *United States v. Bolton*, CR09-166, 2024 WL 1966448, at *8-9 (E.D. La. May 3, 2024) (LeMelle, J.); *United States v. Allen*, CR12-138, 2024 WL 640017, at *3 (E.D. La. Feb. 15, 2024) (Vance, J.).
[41] *See* PSR at p. 11.
[42] *See* R. Doc. 197 at pp. 3-4.
[43] R. Doc. 202 at p. 18.

8

a prisoner's confinement under Chapter 153.'"[44] Accordingly, Singleton may not allege ineffective assistance of counsel in support of his request for compassionate release.[45]

**III. Section 3553(a) factors weigh against reducing Singleton's sentence.**

Even if Singleton had demonstrated "extraordinary and compelling" circumstances warrant a reduction in his sentence, he would nevertheless have no entitlement to relief under Section 3582 because the Section 3553(a) factors weigh heavily against his release. Section 3582 requires courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Guidelines Section 1B1.13 allows a court to reduce a sentence only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" upon consideration of "the factors set forth in 18 U.S.C. § 3553(a)."[46]

The Court discusses the relevant factors under Sections 3142(g) and 3553(a) simultaneously due to similarities between the factors. Section 3142(g) sets out the factors courts consider when deciding whether to release a defendant pending trial. This inquiry into whether a petitioner is a danger to the community considers several factors, including: "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[47] Similarly,

---

[44] *United States v. Henderson*, 11-271, 2024 WL 474670, at *3 (E.D. La. Feb. 7, 2024) (Milazzo, J.) (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023)).
[45] *See id*.
[46] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(a) (U.S. SENTENCING COMM'N 2023) (Amendment effective Nov. 1, 2023).
[47] 18 U.S.C. § 3142(g).

9

Section 3553(a) sets forth several factors courts consider when initially imposing a sentence, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][48]

In this case, Singleton's offense involved a conspiracy to commit armed robbery of an automobile that resulted in the homicide of an innocent man, William Mullers.[49] The findings in Singleton's Presentence Investigation Report indicate that, Singleton and his co-defendants conspired to rob Mullers after observing him drive into the parking lot of a supermarket to pick up his girlfriend who was employed at the supermarket.[50] While brandishing a firearm, Singleton's co-defendant entered Mullers' vehicle and, thereafter, Singleton and his co-defendant drove the victim to two banks before forcing him out of the vehicle on the side of the road.[51] Singleton and his co-defendant then took turns shooting Mullers until both firearms were empty and left Mullers' body in a ditch on the side of the road.[52]

---

[48] 18 U.S.C. § 3553(a).
[49] PSR at pp. 4-5.
[50] *Id.*
[51] *Id.*
[52] *Id.*

10

Although Singleton's criminal history was not extensive, the Presentence Investigation Report noted the cruel and degrading conduct that Singleton and his co-defendant expressed toward Mullers as they forced him to ride with them for over an hour, during which time the victim pleaded for his life.[53] Singleton's request for compassionate release fails to raise any factors that weigh in his favor.[54] Thus, having considered the relevant factors under Sections 3142(g) and 3553(a) and having weighed the totality of the relevant circumstances, the Court finds the nature and circumstances of Singleton's offense counsel against compassionate release. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct weighs heavily in the Court's decision.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Heath Singleton's motion for compassionate release is **DENIED**.[55]

**IT IS FURTHER ORDERED** that Heath Singleton's request for appointment of counsel is **DENIED**.

**New Orleans, Louisiana, this 3rd day of June, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[53] *Id.* at p. 12.
[54] *See* R. Doc. 197.
[55] R. Doc. 197.